### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### (WICHITA DIVISION)

---------------------------------------

UNITED STATES OF AMERICA,    )
    )
        Plaintiff,    )
    )
VS.    ) CASE NO. 18-10016EFM
    )
MICHAEL FREDERIKSEN,    )
    )
        Defendant.    )

---------------------------------------

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
### OF HIS RENEWED MOTION FOR
### JUDGMENT AS A MATTER OF LAW

Defendant, Michael Frederiksen, by counsel, Marcos A. Montemayor, moves the Court pursuant to Rule 50 of the Federal Rules of Criminal Procedure to grant the Defendant's Renewed Motion for Judgment as a Matter of Law, on Count I of the Indictment in which he is charged.

### ARGUMENT PRESENTED

In Count I, the Government charged the Defendant with violation of 18 U.S.C. § 1001(a)(2), which makes it a crime to knowingly and willfully make a false, fictitious, or fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the United States. The essential elements that the Government must have proven beyond a reasonable doubt in order to convict Defendant on Count I were:

1. ***First***: the defendant made a false, fictitious, or fraudulent statement or representation to the government; specifically, by falsely representing to the Federal Bureau of

Investigation that he did not play in a private poker game organized by an illegal gambling business, which occurred on or about February 12, 2014 in or around Wichita, KS.

      2. ***Second:*** the defendant made the statement knowing that the statement was false;

      3. ***Third***: the defendant made the statement willfully, that is deliberately, voluntarily and intentionally;

      4. ***Fourth:*** the statement was made in a matter within the jurisdiction of the executive branch of the United States, and

      5. ***Fifth***: the statement was material to the Federal Bureau of Investigation.

In addition, a fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of the Federal Bureau of Investigation.  It is not necessary that the Federal Bureau of Investigation was in fact influenced in any way. (See Document 33, at Jury Instruction No. 8).

In this matter, the Defendant, testified on his own behalf and indicated that he in fact did play in several poker games in and around Wichita, KS on dates that were near and including February 12, 2014. The Defendant further testified that he, at times would not play at poker games for various reasons. One of those reasons, according to the Defendant's testimony, was fear that an undercover officer or agent had infiltrated the poker games. With the evidence presented by the government, there was no doubt that the Defendant played in several poker games over a several year-span in Wichita, KS and surrounding areas.

However, the evidence and testimony presented by FBI Special Agent Ross did not delve into whether the Defendant made the false statement about a specific date of February 12, 2014, were knowingly or deliberately made, nor whether the statements made to SA Ross rose to the level of material to the FBI's investigation of this matter.

Based on the above five elements that the Government had to prove beyond a reasonable doubt, the Defendant respectfully requests that his Motion for Renewed Judgment as a Matter of Law be granted. It is established that a reasonable jury would not have had a legally sufficient evidentiary basis to find for the Government proving their case beyond a reasonable doubt, but for the material misstatement of the law by AUSA Aaron Smith in his closing argument.

## MATERIAL MISREPRESENTATION

The prosecution may not misstate the evidence during its closing argument. *United States vs. Young*, 470 U.S. 1, 9&N.7 (1985). AUSA Aaron Smith intentionally steered his closing argument to the jury about misdirection and minimization by the Defendant in his role in playing in poker games in and around Wichita, KS. On his own accord, AUSA Smith invented his own jury instruction and persuaded the jury that in order to find the Defendant guilty, they merely needed to know that his discussion with Special Agent Ross was one where the Defendant needed to "truthfully recount the facts when you're questioned by the FBI, not minimize in hopes of not being asked follow-up questions, not misdirect, in hopes that you need to be fed specific dates, that you need to be fed specific locations." (See Trial Transcript page 228 at 14:18:51 to 14:19:18).

AUSA Smith decided that his only way to convince the jury to find the Defendant guilty was to intentionally misstate what Count I required him to prove. Normally the Tenth Circuit Court of Appeals considers prosecutorial misconduct harmless, "unless there is reason to believe it influenced the jury's verdict." *United States vs. Green*, 435 F.3d 1265, 1268 (10th Cir. 2006)(quoting *U.S. vs. Gabaldon*, 91 F.3d 91, 94 (10th Cir. 1996). In the present matter, AUSA Smith's repeated statements about the Defendant's minimization and misdirection are not minor

misstatements of the law, they are significant factors that influenced the jury so as to affect the Defendant's substantial rights, and the outcome of his case.

AUSA Smith continues in his closing argument to instruct the jury, that the Defendant "[n]eeding to be fed specific dates and locations is a way of minimizing your involvement. It's an excuse. It's an out. It's a way to say, '[y]ou didn't say this specifically, so I only answered what you very specifically asked, and I hope you don't ask me a follow-up question and catch on to what I was really involved in.'" (See Trial Transcript page 228 at 14:19:22 to 14:19:47). AUSA Smith then tells the jury that this is what occurred in this case. (Id.). Even if the above statements by AUSA Smith were true, none of those statements proved any part of Count I against the Defendant. Nowhere in Count I, does it call for or state that "minimization" of poker playing is an element of the crime. AUSA Smith knowingly, intentionally and deliberately used this inflammatory language and minimization tactic to influence the jury's verdict.

AUSA Smith further misstates the Defendant's testimony in that he tells the jury, "[w]hat he's asking you to believe is that he clearly didn't even remember an entire location that he attended and played in." (See Trial Transcript at page 228 14:20:02 to 14:20:11). AUSA Smith's closing did not cover the elements the Government needed to prove beyond a reasonable doubt. Rather, he brow-beat the jury into his theory of minimization and misdirection that he claimed the Defendant engaged in. Minimization does not constitute a violation of 18 U.S.C. 1001(a)(2), and the only reason to use this argument was to prejudice the jury into finding the Defendant guilty. In AUSA Smith's final summation, he deliberately tells the jury that we are here today based on "classic minimization." (See Trial Transcript at page 229 14:21:06 to 14:21:07).

An Assistant United States Attorney should not intentionally misstate the evidence or mislead the jury as to the inferences that it may draw. In addition, an Assistant United States Attorney should not present argument that would divert the jury from its duty to decide the case on the evidence. In the matter at hand, AUSA Smith violated his duty as an Assistant United States Attorney when he decided to conjure his own jury instructions regarding "minimization." With the return of the guilty verdict from the jury, it is impossible to know to what extent AUSA Smith's misstatement of 18 U.S.C. 1001(a)(2) influenced the jury to find the Defendant guilty.

## RELIEF REQUESTED

In sum, and pursuant to FRCP 50(b), and this Court's directive, the Defendant respectfully requests that his Renewed Motion for Judgment as a Matter of Law be granted, and that the verdict of jury be overturned thereunder. In the alternative, the Defendant would respectfully request, under Rule 59, that his Alternative Motion for a New Trial be granted, and for such further relief as this court deems proper under the circumstances.

WHEREFORE, the Defendant respectfully requests that this Court grant his Renewed Motion for Judgment as a Matter of Law; or in the alternative, grant his Motion for a New Trial, or for further relief that this Court deems just and appropriate.

Respectfully submitted,


By: *s/Marcos A. Montemayor*
Marcos A. Montemayor #NM27095
Attorney for Defendant
345 N. Riverview St., Suite 730
Wichita, KS 67203
Tel: 316-261-8777
Fax: 316-361-0993
Email: mm@amlawllc.com


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of June 2018, I electronically filed the foregoing using the CM/ECF system, which sent notice of electronic filing to the following:

Mona Furst and Aaron Smith
Office of the US Attorney – Wichita
301 N. Main Street, Suite #1200
Wichita, KS 67202
316-269-6684


*s/ Marcos A. Montemayor*
Marcos A. Montemayor
*Attorney for Defendant*