IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   *Plaintiff*,

vs.

MICHAEL FREDERIKSEN,

   *Defendant.*

Case No. 18-cr-10016-EFM

**MEMORANDUM AND ORDER**

  This matter comes before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. 44).  On January 30, 2018, a grand jury issued an indictment charging Michael Frederiksen with two counts of making a materially false, fictitious, or fraudulent statement or representation, in violation of 18 U.S.C. § 1001(a)(2).  The jury trial in this case began on April 30, 2018, and on May 1, 2018, the jury found Defendant guilty on Count One of the Indictment.[1]

  After the jury's verdict, this Court voiced concern regarding statements made by the Assistant United States Attorney ("AUSA") during closing arguments and directed the parties to address the issue in post-trial filings.  The Court did not receive any filings on the issue until June 29, 2018, when Defendant filed the current motion.  Defendant argues that the "jury would not have had a legally sufficient evidentiary basis to find for the Government . . . but for the material

---

[1] Prior to submission to the jury, the Court dismissed Count Two of the Indictment upon Frederiksen's motion for judgment as a matter of law.

misstatement of the law by AUSA Aaron Smith in his closing argument." Frederiksen requested that his renewed motion for judgment as a matter of law be granted under "Rule 50 of the Federal Rules of Criminal Procedure," or in the alternative, that he be granted a new trial under "Rule 59." Neither Rule 50 nor Rule 59 of the Federal Rules of Criminal Procedure govern Defendant's requested relief.[2] Rather, Rules 29 and 33 of the Federal Rules of Criminal Procedure appear to govern Defendant's requested relief.

Rule 29 allows a defendant to "move for a judgment of acquittal, or renew such a motion, *within 14 days* after a guilty verdict or after the court discharges the jury, whichever is later." Although the Rule allows a defendant to renew such a motion, it does not require that the defendant move for a judgment of acquittal before submission of the case to the jury.[3] Likewise, Rule 33 of the Federal Rules of Criminal Procedure allows a defendant to file a motion for a new trial where "the interest of justice so requires." If a Rule 33 motion is "grounded on any reason other than newly discovered evidence," the motion "must be filed *within 14 days* after the verdict or finding of guilty."[4] Frederiksen did not file a timely motion for acquittal or for a new trial; nor did he seek

---

[2] Fed. R. Crim. P. 50 states, in full, "[s]cheduling preference must be given to criminal proceedings as far as practicable," and Rule 59 governs dispositive and nondispositive matters before a magistrate judge. Neither Rule applies to renewed motions for judgment as a matter of law, motions for acquittal, or motions for a new trial.
   The Court notes that under the Federal Rules of *Civil* Procedure, Rules 50 and 59 govern motions for judgment as a matter of law after a jury trial and motions for a new trial. These Rules, however, do not apply in the current context. *See United States v. Blackburn*, 2010 WL 5185390, at *4 (D. Kan. 2010) ("The Federal Rules of Civil Procedure do not apply to criminal cases."); *United States v. Black*, 2016 WL 6967120, at *3 (D. Kan. 2016) (noting that if "the Rules of Criminal Procedure *do not speak specifically to a matter*, a court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure") (quotation omitted) (emphasis added). Regardless, Defendant's motion also fails to comply with the deadlines stated in Fed. R. Civ. P. 50 and 59.

[3] Fed. R. Crim. P 29(c)(3).

[4] Fed. R. Crim. P. 33(b)(2) (emphasis added). Defendant does not allege the existence of newly discovered evidence; thus, the deadline for filing a motion for a new trial based on such evidence does not apply here.

an extension of time to do so.[5]  Instead, he filed the current motion on June 29, 2018, just shy of 60 days after the jury's May 1 verdict and well outside of the applicable 14-day deadlines.

The Court retains serious concerns regarding whether the AUSA misstated the law during his closing argument and whether any such misstatement impacted the jury's deliberations in this trial.  Defendant, however, failed to timely file his renewed motion for judgment as a matter of law.  Accordingly, despite the Court's concerns, the Court denies Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. 44) as untimely.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. 44) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of July, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[5] *See* Fed. R. Crim. P. 29, advisory committee notes to 2005 Amendments ("Read in conjunction with the conforming amendment to Rule 45(b), the defendant is still required to file a timely motion for a judgment of acquittal under Rule 29 within the . . . period specified.  The defendant may, under Rule 45, seek an extension of time to file the underlying motion so long as the defendant does so within the [specified] period.").