# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

MICHAEL FREDERIKSEN,

    *Defendant.*

Case No. 18-cr-10016-EFM

# MEMORANDUM AND ORDER

On May 1, 2018, a jury found Defendant Michael Frederiksen guilty of one count of making a materially false, fictitious, or fraudulent statement or representation, in violation of 18 U.S.C. § 1001(a)(2). On the same day, this Court voiced concern regarding statements made by the Assistant United States Attorney ("AUSA") during closing arguments and directed the parties to address the issue in post-trial filings. On June 29—59 days after the jury found Defendant guilty and 42 days after defense counsel received a copy of the trial transcript—Frederiksen filed his Renewed Motion for Judgment as a Matter of Law (Doc. 44) ("Renewed Motion"). Fed. R. Crim. P. 29(c)(1) required Frederiksen to file his motion or a motion for extension of time to file the motion "within 14 days after a guilty verdict," or by May 15, 2018.[1] At no point did Frederiksen

---

[1] To the extent Frederiksen intended to file his motion under Rule 33, which allows a defendant to file a motion for a new trial where "the interest of justice so requires," the same 14-day deadline applied. Fed. R. Crim. P. 33(b)(2).

request an extension of time to file his Renewed Motion. The Court denied Frederiksen's Renewed Motion as untimely.

Now, through a Motion for Reconsideration (Doc. 51), Frederiksen asks that this Court address the merits of his Renewed Motion, arguing that "excusable neglect" exists for his failure to comply with the deadlines imposed by the Federal Rules of Criminal Procedure and that a failure to address the merits of his prior motion would result in manifest injustice. For the reasons explained below, Frederiksen's Motion is denied.

## I. Discussion

Frederiksen asks the Court to reconsider its denial of his Renewed Motion for Judgment as a Matter of Law because his failure to timely file his Renewed Motion constitutes excusable neglect under Fed. R. Civ. P. 60(b) and because the failure to address the merits of his prior motion would result in manifest injustice under Fed. R. Civ. P. 59(e).[2]

**A.    Fed. R. Civ. P. 60(b)**

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . ." When determining "whether excusable neglect exists, the court must examine (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."[3] "Fault for

---

[2] Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, a defendant in a criminal proceeding may also seek reconsideration. *See United States v. Randall*, 666 F.3d 1238, 1241-42 (10th Cir. 2011).

[3] *United States v. Cortez-Perez*, 317 F. App'x 829, 831 (10th Cir. 2009) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)).

the delay is 'a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.' "[4]

The Court begins its analysis with the factor that the Tenth Circuit considers the most important—fault for the delay. Frederiksen claims that his counsel "was plainly unable to file any post-trial brief without having the trial transcript," that "[w]hen counsel for Defendant requested and paid for the trial transcript, it was only three days post-conviction," and that counsel did not receive the trial transcript until May 18, 2018. Frederiksen admits that "a motion for extension of time should have been requested," but argues that "counsel for Defendant relied upon the court reporter to timely provide the trial transcript."

As an initial matter, Frederiksen's assertions that he "requested and paid for the trial transcript . . . only three days post-conviction" and that he "relied upon the court reporter to timely provide the trial transcript" misrepresent the facts. Defendant requested *a copy* of the original transcript—he did not request the *original* transcript. This distinction matters because a party cannot obtain a copy of an original transcript unless and until the original transcript has been requested and paid for. Here, the cost for the original transcript totaled $1,510.20, whereas the cost for the copy totaled $372.60.[5] The Court Reporter explained this process to Frederiksen's counsel and Frederiksen chose not to purchase the original transcript, meaning Frederiksen had to wait for the individual seeking the original transcript to request and pay for the original transcript. The Court Reporter received payment for the original transcript on Friday, May 11, 2018, and delivered copies of the requested trial transcripts to Frederiksen the following week.

---

[4] *United States v. Batton*, 687 F. App'x 680, 681 (10th Cir. 2017) (quoting *Torres*, 372 F.3d at 1163).

[5] While Frederiksen delivered payment for the estimated cost of the copies, Frederiksen has not yet paid the full balance.

To the extent Frederiksen places blame on the Court Reporter for not preparing the trial transcript more quickly, this blame is misplaced. Frederiksen could have chosen to pay for the original transcript on May 4, 2018, but instead chose the more affordable alternative of waiting for another individual to pay for the original and then purchasing a copy of the original. While the Court places no blame on Frederiksen for choosing the more cost-effective approach, it will not allow Frederiksen to use the Court Reporter's alleged delay as a scapegoat or argue that he "relied upon the court reporter to timely provide the trial transcript." Further, Frederiksen could have sought an extension of time to file his Renewed Motion prior to the expiration of the deadline—yet he did not. Frederiksen has not provided any explanation as to why he did not seek an extension or why his failure to do so constitutes excusable neglect.

Even if the Court entertained Frederiksen's argument (1) that he could not file a brief without having the trial transcripts—a proposition with which the Court disagrees[6]—and (2) that counsel's neglect in failing to file the motion until after receiving the transcript is excusable, Frederiksen has provided no explanation for the length of delay *after* receiving the transcripts. Frederiksen received the transcripts on May 18, 2018—42 days before he filed his Renewed Motion. Again, Frederiksen makes no attempt to explain why he needed 42 days after receiving the transcripts to file his Renewed Motion.

A review of the remaining factors relevant to determining the presence of excusable neglect does not persuade the Court that excusable neglect exists here. Neither party substantively

---

[6] After the jury returned its verdict, and outside the presence of the jury, the Court informed the parties that it had a concern that AUSA Smith made an inaccurate statement of the law during closing arguments. The Court then identified the specific statement that provoked the Court's concern. Given the Court's specific identification of the concerning statement, the Court rejects Frederiksen's contentions that "neither side could file any response or argument without having possession of the trial transcripts" and that "Counsel for Defendant was plainly unable to file any post-trial brief without having the trial transcript."

addresses the first, second, or fourth considerations—danger of prejudice, length of delay and its impact on the proceedings, and whether the moving party acted in good faith.[7] Assuming (without finding) that each of these considerations weighed in Defendant's favor, these factors do not persuade the Court to find excusable neglect.[8]

Counsel has demonstrated a lack of awareness of the Federal Rules of Criminal Procedure and specifically Rule 29. His Renewed Motion appeared premised on rules governing *civil* procedure, despite the existence of applicable rules in the Federal Rules of Criminal Procedure, and even then, the Renewed Motion did not comply with the civil deadlines.[9] Although the adequacy of Frederiksen's representation is not presently before the Court, he does not lack *any* remedy as he may seek relief by filing a habeas petition on the basis of ineffective assistance of counsel.

---

[7] Frederiksen's only discussion of these considerations states that "there is not any known danger of prejudice to the United States in considering this Motion, nor will this motion impact or delay the proceedings," and "Defendant submits that his counsel did act in good faith in preparing his" Renewed Motion."

[8] Courts in this district have previously found the good faith factor neutral where "no evidence suggest[ed] that defendant acted in bad faith when it failed to file in time" and "[a]s soon as defendant realized its mistake, it took steps to correct it . . ." *BNSF Railway Co. v. Zook*, 2016 WL 5371861, at *4 (D. Kan. 2016) (citation omitted). Here, Frederiksen waited to take any action to rectify the untimely filing until after the Renewed Motion had been denied as untimely. While the Court does not make a finding of bad faith, Frederiksen's failure to attempt to timely rectify his mistake renders this factor neutral. Frederiksen could have addressed the untimeliness of his motion in the Renewed Motion itself or in a reply to the Government's response.

[9] Frederiksen requested that his Renewed Motion be granted under "Rule 50 of the Federal Rules of Criminal Procedure," or in the alternative, that he be granted a new trial under "Rule 59." As noted in the Court's prior order, Fed. R. Crim. P. 50 states, in full, "[s]cheduling preference must be given to criminal proceedings as far as practicable," and Fed. R. Crim. P. 59 governs dispositive and nondispositive matters before a magistrate judge—neither Rule applied to the Renewed Motion. Under the Federal Rules of *Civil* Procedure, Rules 50 and 59 govern motions for judgment as a matter of law after a jury trial and motions for a new trial. As previously explained, these civil rules did not govern Frederiksen's Renewed Motion given the existence of Rules 29 and 33 in the Federal Rules of Criminal Procedure. *See United States v. Blackburn*, 2010 WL 5185390, at *4 (D. Kan. 2010) ("The Federal Rules of Civil Procedure do not apply to criminal cases."); *United States v. Black*, 2016 WL 6967120, at *3 (D. Kan. 2016) (noting, however, that if "the Rules of Criminal Procedure *do not speak specifically to a matter*, a court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure") (quotation omitted) (emphasis added).

Here, defense counsel's ignorance of the applicable rules governing procedure[10] and failure to take any affirmative steps to rectify the untimely motion until after the Court denied it as untimely does not constitute excusable neglect. Frederiksen's explanation of the delay "cannot be grounds for relief unless the word excusable is to be read out of the rule"—an action this Court cannot take.[11] Accordingly, after weighing the applicable factors, the Court denies Frederiksen's request for relief under Rule 60(b)(1).

**B.     Fed. R. Civ. P. 59(e)**

Rule 59(e) authorizes the filing of a motion to alter or amend a judgment. This Court may only grant a motion to alter or amend a judgment under Rule 59(e) if Plaintiff can establish: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."[12] In other words, relief may be granted if the Court "misapprehended the facts, a party's position, or the controlling law."[13] "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[14]

Frederiksen argues that the Court should find that manifest injustice would result if the Court does not reach the merits of his Renewed Motion. The Court does not agree. First, while the Court prefers to decide issues on the merits, that does not mean that the Court can or should

---

[10] Indeed, the Rule at issue here is one of the most common motions made by the defense during and after a criminal trial.

[11] *Torres*, 372 F.3d at 1163-64 (brackets and quotation omitted).

[12] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[13] *Id*.

[14] *Id*. (citation omitted).

ignore procedural rules and filing deadlines in order to reach the merits. Frederiksen provides no argument as to why *this case* presents an exception to the general requirement that motions be timely filed; nor does the Court find any such circumstances present. Indeed, as noted above, while Frederiksen may suffer from his counsel's failure, Frederiksen does not lack any remedy given his ability to file a habeas petition. Manifest injustice will not result by failing to address the merits of Frederiksen's untimely motion.

Second, Frederiksen could have advanced his current arguments in briefing the untimely Renewed Motion. The Government's response brief specifically noted the untimeliness of Frederiksen's motion, yet Frederiksen failed to file a reply brief explaining why the Court should address the merits of the Renewed Motion despite its untimeliness. Instead, Frederiksen waited for the Court to deny his untimely motion and then filed the current Motion for Reconsideration. All of the arguments presented in the current Motion could have been presented to the Court prior to the Court's denial of the Renewed Motion, either in the Renewed Motion itself or in a reply brief after the Government raised the issue in its response. Frederiksen has failed to persuade the Court that it should grant his current Motion when it merely "advance[s] arguments that could have been raised in prior briefing."[15]

## II. Conclusion

The Court cannot find that Frederiksen's failure to timely file the Renewed Motion for Judgment as a Matter of Law constitutes excusable neglect; nor does the Court conclude that manifest injustice would result by failing to address the merits of the untimely motion. In the future Frederiksen may wish to retain new counsel, but he cannot, under the circumstances present

---

[15] *Id.* (citation omitted).

here, escape his current counsel's inexcusable failure to comply with the Federal Rules of Criminal Procedure.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration (Doc. 51) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of September, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE